IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:08CR00002-2 |
| | ) | |
| v. | ) | **Memorandum Opinion** |
| | ) | |
| CHEVELLE CROWDER, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Three months ago, I entered an Order denying Defendant Chevelle Crowder's request for a reduced sentence under the Fair Sentencing Act. (See Motion to Reduce Sentence, July 12, 2011 [ECF No. 95]; Order, Sept. 14, 2011 [ECF No. 101].) At the time I stated that, because Defendant was sentenced to the mandatory minimum and because the Fair Sentencing Act and Amendment 750 left that minimum sentence unchanged, application of the Amendment would not result in a reduced sentence for Defendant. (Order, Sept. 14, 2011 [ECF No. 101].) Because I saw no reason to engage in the futile act of granting Defendant's Motion (which would have had the effect of reducing the base offense level but would not translate into a reduced sentence because the mandatory minimum sentence would still apply), I denied the Motion. Defendant now contends that determination was error and asks me to reconsider. For the reasons stated herein, I am confident that my initial analysis was correct, and the Motion will be DENIED.

I have previously discussed the legal rationale for rejecting the arguments now raised by Defendant. (See United States v. Freeman, Case No. 4:06CR00016-001, *Memorandum Opinion*, Jan. 23, 2012 [ECF No. 108].) I am confident that the analysis espoused in that opinion is correct, and I adopt it in its entirety here. I wish to add, however, further justification for my decision. Even if Defendant *was* eligible for consideration under Amendment 750 (and, based

- 1 -

on my analysis in Freeman, Defendant is *not* eligible),[1] for the reasons stated herein, Defendant would not receive a reduction. Given that there is a "serious impact on the criminal justice system" when unfair penalties are imposed, see "Memorandum for all Federal Prosecutors," from Attorney General Eric H. Holder, Jr., July 15, 2011), I feel that it is vital to explain my rationale as clearly as possible.[2]

According to Attorney General Eric Holder, "defendants who have their sentences adjusted as a result of guidelines' retroactivity will remain subject to the mandatory minimums that were in place at the time of their initial sentencing." (*Id.*) Unfortunately for Defendant, this statement compels me to deny his Motion. Regardless of whether the mandatory minimum becomes the guidelines range, as Defendant suggests was the case prior to the Amendment, or whether the mandatory minimum and "applicable guideline range" remain separate computations once the mandatory minimum is imposed, the fact remains that the term of imprisonment to which Defendant was sentenced remains unchanged. Defendant's argument, it seems, is that because the guideline range has changed—even though the mandatory minimum sentence has not—I am empowered to review and reduce Defendant's sentence beneath that mandatory minimum because of the previously granted Motion for Substantial Assistance Consideration. I

---

[1] In United States v. Hood, 556 F.3d 226, 235-36 (4th Cir. 2009), the Fourth Circuit Court of Appeals held, in a case strikingly similar to this one (where the guidelines range was less than the mandatory minimum, but a sentence less than the mandatory minimum was imposed following the government's motion for substantial assistance): "Thus, Hood's 100-month sentence was not *based on* any sentencing range authorized by U.S.S.G. § 2D1.1, which Amendment 706 amended, but rather on the mandated statutory minimum sentence required by § 841(b)(1)(A) from which the district court departed as authorized by § 3553(a), employing factors identified in U.S.S.G. § 5K1.1. Because his sentence was not 'based on a sentencing range . . . lowered by the Sentencing Commission,' it was therefore not subject to 'modification' pursuant to a motion filed under § 3582(c)(2)." The same is true here. Defendant was not sentenced based on a sentencing range; he was sentenced based upon a mandatory minimum. Because Amendment 750 did not alter that mandatory minimum, Defendant *is not eligible* for a reduction. Nevertheless, I continue to offer my justification for why, even if Defendant *was* eligible for a reduction, he would not receive one.

[2] No language in the remainder of this opinion should be interpreted as holding that Defendant is entitled to a reduction; he is not. See supra note 1. Any such language that could be so construed is only to be interpreted within the hypothetical: "*if Defendant were eligible for a reduction.*"

take no issue with that point.  Where Defendant and I diverge, however, is what effect such consideration will have on Defendant.  Defendant's position is that, because I *can* grant a reduction, I *must* grant the reduction based on his preferred computation.  I disagree.

Briefly, in cases like Defendant's where the guidelines range is *less than* the mandatory minimum, there exist at least three viable methods for computing a comparable departure.  A judge can calculate the departure based on the low end of the range, the high end of the range, or the mandatory minimum.  For example, if a defendant's Guidelines range is 80-90 months, the mandatory minimum is 100 months, and the defendant was actually sentenced to 50 months, one could make a convincing argument that the defendant was granted either a 37.5% (30 months below 80), 44.4% (40 months below 90), or 50% (50 months below 100) reduction, depending on which calculation is used.  If that range was subsequently reduced to 50-60 months by an amendment such as Amendment 750, a defendant could reasonably argue for a comparable reduction of 37.5% below 50 months (for a reduced sentence of 31 months) or 44.4% below 60 months (for a reduced sentence of 33 months).  Alternatively, since the mandatory minimum remains at 100 months, a comparable reduction of 50% off 100 months would result in the same sentence.  This illustrates the flaw in Defendant's request here.

According to *United States v. Fennell*, 592 F.3d 506 (4th Cir. 2010), I have the authority to calculate a comparable reduction in any manner I see fit, without regard to how it may have been calculated previously or how a defendant would prefer I calculate a reduction now.  See id. at 509 ("This court has never held that a sentencing court must use a specific method in calculating a § 5K1.1 departure. . . . In this case, it is evident that the district court did not believe that, during resentencing, it has discretion to use a method other than the precise one apparently used at the initial sentencing in calculating a sentence reduction under Amendment 706. . . . This

mistaken belief constitutes reversible error procedural error. Sentencing courts are not bound to use one specific method in reducing a defendant's sentence.") Therefore, if I calculated a defendant's initial substantial assistance reduction based on the mandatory minimum, I am free to calculate his sentence on resentencing based on what the amended Guidelines range would be—but I am not *required* to.

It is my practice—and Defendant offers no justification, compelling or otherwise, to alter that practice—to base a reduction on what the sentence would have been but for the reduction. In Defendant's case, that is the mandatory minimum. Because that is not changed by Amendment 750, nothing would change for Defendant. It is possible that I could grant the requested reduction, recalculate Defendant's offense level, and announce the amended Guidelines range. But that mandatory minimum would still apply, and a comparable reduction would result in the exact same sentence. Rather than engage in this futile exercise to arrive at exactly the same sentence, I have chosen to exercise my discretion and deny Defendant's Motion. Regardless of whether Defendant's arguments are correct or not (and I firmly believe he is wrong, as I previously stated in United States v. Freeman, Case No. 4:06CR00016-001, *Memorandum Opinion*, Jan. 23, 2012), at the end of the day, Defendant's sentence will not change, regardless of what Amendment 750 may alter. For this reason, as well as those previously stated in United States v. Freeman, I stand behind my previous decision to deny Defendant's Motion to Reduce Sentence. Therefore, Defendant's Motion for Reconsideration of Order Denying Sentence Reduction [ECF No. 110] is DENIED.

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to all counsel of record and to Philip K. Williams, Deputy Chief United States Probation Officer.

Entered this 26th day of January, 2012.

                                                s/Jackson L. Kiser
                                                SENIOR UNITED STATES DISTRICT JUDGE